NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELLE MONDRAGON, individually
and as Successor In Interest to Decedent
Elena Mondragon,

Plaintiff-Appellee,

v.

CITY OF FREMONT, a municipal
corporation; et al.,

Defendants-Appellants.

No. 20-16856

D.C. No. 5:18-cv-01605-NC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted July 9, 2021
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Michelle Mondragon ("Mondragon") filed the instant 42 U.S.C. § 1983 and

state law tort action against the City of Fremont and police officers Joel

Hernandez, Jeremy Miskella, and Ghailan Chahouati (collectively "Defendants")

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

after her daughter, Elena Mondragon, was shot and killed during an attempted felony stop. As the parties are familiar with the facts, we do not recount them here. We vacate the district court's order denying summary judgment on Mondragon's Fourth and Fourteenth Amendment claims and remand.[1]

"[I]n resolving a motion for summary judgment based on qualified immunity, a court must carefully examine the specific factual allegations against each individual defendant (as viewed in a light most favorable to the plaintiff)." *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000); *see also Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001). Although Mondragon named three officers in her complaint, including one who did not fire his weapon, the district court discussed the officers as a group and did not properly analyze each officer's actions individually. The district court's order fell "far short of the individualized

---

[1] We do not have jurisdiction over Defendants' argument that the district court's findings of disputed material fact were unsupported by the evidence. *See Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). Nor do we have jurisdiction over Defendants' appeal from the denial of summary judgment on Mondragon's state law claims to the extent their appeal challenges the district court's findings of disputed fact. *See Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011) ("Essentially, [Defendants] disagree with the district court's interpretation of the facts. Because [Defendants] appeal from an ordinary denial of summary judgment on those claims, as opposed to a denial of immunity, that section of the order is not an appealable final judgment under § 1291."). To the extent the district court's ruling on those state law claims was based on state law immunity, the court properly held that such immunity does not apply to claims stemming from an arrest. *See id.* at 1084; *Caldwell v. Montoya*, 897 P.2d 1320, 1325 (Cal. 1995); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018).

analysis we require for resolving motions for summary judgment based on qualified immunity." *Cunningham*, 229 F.3d at 1289.

We vacate and remand to the district court for a proper individualized qualified immunity analysis, to the extent each Defendant's alleged conduct can be individually assessed under Mondragon's version of the facts material to that Defendant. *See Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1173 (9th Cir. 2013) (remanding for a new qualified immunity analysis because the district court acted in "legal error").

**VACATED AND REMANDED**.